The opinion of the court was delivered by
McEneky, J.
This is a suit to recover from the defendant company insurance to the amount of $2,500 on the plaintiff’s property. The facts are as follows:
“In the year 1887 the Southwestern Brush Electric Light and Power Company of New Orleans employed Charles L. Ulhorn, insurance broker, to place $90,000 of insurance upon their plant. This $90,000 *30 of insurance was placed at various times, for various amounts, in various companies, the policies being substantially of the same form and effect as the extracts from the hereinafter set forth policies. Prior to the 26th of March, 1888, $30,000 of the insurance expired by limitation, and was not renewed.
On the 26th of March, 1888, the plaintiff in this cause, the Westinghouse Electric Company, under a fi. fa. from the Circuit Court of the United States, levied upon all the property insured belonging to the Southwestern Brush Electric. Light and Power Company; $50,500 of the then existing insurance was continued, pending seizure upon the property, by proper endorsements by the companies on each policy.
The other $9,500 of existing insurance was not renewed, because the companies holding policies refused to renew while the property was under seizure.
On the 1st of May, 1888, under the fi. fa. aforesaid, the whole of the property insured was adjudicated to the Westinghouse Electric Company, plaintiff in this cause, and the then existing $50,500 of insurance was contined in favor of the Westinghouse Electric Company, as owner of the property by proper endorsements, such as those -which appear upon the policy sued on in this cause.
The following is the manner in which the risk was described in the policies making up the $50,500 of insurance thus continued in favor of the Westinghouse Electric Company:
Springfield Insurance Company — “Against loss or damage by fire to the amount of $2,500, or one-thirty-sixth of each,'of the following-items :
“ On their brick, slated building, situated on Dryades street, between Union and Gravier streets, in the City of New Orleans, and known as the Southwestern Brush Electric Light and Power Company, $6,000.
“ On all machinery, engines, boilers, appurtenances, and appliances, used in said works, and contained in the above described building, $84,000. With privilege to make necessary alterations and repairs.- Other concurrent insurances permitted without notice until' required.”
Phoenix Insurance Company — “ Against loss or damage by fire to the amount of $2,500, or 25-900 of each of the following items.”
Balance same as above.
*31 Home Insurance Company, New Orleans — “ Against loss or damage by fire to the amount of $26,000, as per form attached.”
Balance same as above.
Hamburg and Bremen Insurance Company — " Against loss or damage by fire to the amount of $3,500, or 7-180 of each of the following items.”
Balance same as above.
Home Insurance Company, of New York — “ Against loss or damage by fire to the amount of $3,500, being 35-900 in the following risks and amounts.”
Balance same as above.
Western Insurance Company, of Toronto — Description contained in original policy, made part of this statement.
On July 16, 1888, the property was totally destroyed by fire. Due notice of loss was given to all the companies, and proofs of loss in due form of law were transmitted to the defendant on August 6, 1888. Controversy having arisen about the amount of the loss, arbitrators were appointed by both parties, and on August 16, 1888, the loss was adjusted by the unanimous report of these arbitrators at the sum of $75,413.75, of which $71,763.70 was the loss adjusted upon the machinery and $3,650 was the loss adjusted upon the building.
Thereupon the plaintiff demanded payment of the defendant of the full amount of the policy, the sum of $2,500, which sum the defendant refused to pay, and this suit was brought.
The defendant denies liability until the award contained in the tenth condition of the policy has been complied with.
The above statement of facts disposes of this objection.
The defendant sets up specifically that the liability can not be greater than 1-36 of $75,413.75, the actual value of the property destroyed and loss sustained. The defendant appeals.
The plaintiff has filed a motion to amend by increasing the judgment to §2,500.
The policy is as follows:
"This policy of assurance witnesseth that: In consideration of the sum of fifty dollars, net, the Western Assurance Company does by these presents cause the Southwestern Brush Electric Light and Power Company, and their legal representatives, to be assured twenty-five hundred dollars on 1-36 of the following risk and amounts, as per printed form attached to this policy:
*32 “The Southwestern Brush Electric Light and Power Company, on their brick, slated building, situated on Dryades street, between Union and Gravier streets, in the City of New Orleans, and known as the ‘ Southwestern Brush Electric Light and Power Company, $6,000.’
“ On all machinery, engines, boilers, and appurtenances and appliances used in said works, and contained in above described building, $84,000.”
There were other policies in different’ companies taken out on the same property for various amounts. The forms of these policies were offered in evidence and admitted over the objections of defendant, on the ground that they were res inter alios acta and irrelevant.
Each policy was a distinct, separate, and independent obligation, and it had -no reference whatever to any other. The obligations in one could not explain the doubts and uncertainties, if they existed, in the other.
This evidence, therefore, was improperly admitted. The insurance was 1-36 of a risk valued at $90,000.
The policy is plain and unambiguous in language and evident in meaning. The plaintiff insured with the defendant company property to the value of $2,500, for which risk he paid a premium of $50.
Tiie language employed will not admit of any other construction. There was a total loss of the property insured, and the defendant is responsible for the amount of the insurance effected on the property and upon which it received a premium.
Any other interpretation of this policy would be to destroy the object and purpose of the policy to indemnify the assured for the loss sustained. In the policy there is no stipulation that the assured shall bear any portion of the loss.
The judgment appealed from is, therefore, amended so as to allow plaintiff $2,500 as indemnity for the loss. In all Other respects it is affirmed. The defendant to pay costs of appeal.